UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:26-CV-18-FL

DONIESHA EDWARDS,

Plaintiff,

v.

STATE EMPLOYEES CREDIT UNION,

Defendant.

MEMORANDUM AND
RECOMMENDATION

This matter is before the court for frivolity review of the complaint, filed *pro se* and *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1]. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed for failure to state a claim.

## I.     Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional

scenarios." *Id.* at 327–28.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This is necessary "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). At the pleading stage, "while a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (internal citations and quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    Analysis

Plaintiff, Doniesha Edwards, filed the instant complaint alleging that Defendant, the State Employees Credit Union ("SECU"), violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

2

§ 1681 *et seq.*, by furnishing and verifying inaccurate credit information without conducting a reasonable investigation.[1] Compl. [DE-1] at 4. Plaintiff seeks $15,000 in actual damages, $1,000 in statutory damages, $9,000 in punitive damages, and the deletion of inaccurate credit reporting. *Id.*

The purpose of the FCRA is to ensure "fair and accurate credit reporting." 15 U.S.C. § 1681(a)(1). To this end, the FCRA imposes certain duties and procedures on various entities operating in the consumer reporting industry, including credit reporting agencies, furnishers of credit information to credit reporting agencies, and users of consumer reports. *See* 15 U.S.C. § 1681, *et seq.* Section § 1681s-2(b) sets forth the duties of "furnishers of information." As one court explained, under § 1681s-2(b), if a consumer notifies a credit reporting agency that they dispute the completeness or accuracy of particular information and the agency notifies the person who furnished the information of the consumer's dispute, the furnisher must investigate the claim, report the results of the investigation to the agency, notify any other credit reporting agencies to which the furnisher had provided that information of the incompleteness or inaccuracy, and revise the information accordingly. *Hampton v. Wells Fargo Bank, N.A.*, No. CV DLB-22-1712, 2023 WL 6200009, at *5 (D. Md. Sept. 22, 2023). The essential elements of a § 1681s-2(b) claim are "(1) the plaintiff submitted a dispute over the accuracy of information on a credit report to a [consumer reporting agency]; (2) the [agency] notified the furnisher of that dispute; [and] (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified." *Baines v. LVNV Funding LLC*, No. 5:25-CV-506-BO-RN, 2026 WL

---

[1] Plaintiff previously filed a complaint alleging that NC State Employee Credit Union violated the FCRA, 15 U.S.C. §§ 1681e(b) and 1681s-2(b), by failing to conduct a reasonable investigation and failing to maintain possible accuracy. *Edwards v. NC State Emp. Credit Union*, No. 4:25-CV-174-FL, 2025 WL 3634339 (E.D.N.C. Dec. 15, 2025). The court dismissed the case without prejudice for failure to state a claim. *Id.*

3

782163, at *4 (E.D.N.C. Mar. 19, 2026) (quoting *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249 (4th Cir. 2025)).

Even liberally construing Plaintiff's complaint, the allegations are too general and the complaint lacks sufficient factual matter necessary to "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and, thus, fails to state a claim. Plaintiff alleges that SECU sent her "a validation letter stating that Plaintiff executed documents on a specific date"; the documents "reflect a different execution date [sic], creating an internal inconsistency regarding the alleged account agreement"; SECU also reported "multiple months of late payments showing identical delinquency status across consecutive months without lawful progression which is inconsistent with standard credit report practices and materially misleading"; Plaintiff disputed inaccurate information with SECU and consumer reporting agencies"; and "SECU verified and continued to report without conducting a reasonable investigation." Compl. [DE-1] at 4.

First, it is not apparent how Plaintiff's allegation about the date of execution of certain documents being inconsistent impacts the accuracy of her credit report. Similarly, Plaintiff's allegation of "multiple months of late payments showing identical delinquency status across consecutive months without lawful progression" is vague and confusing. Next, there are no allegations as to when any of these alleged acts took place, such as when the alleged inaccurate information was reported or when Plaintiff notified a credit reporting agency of the inaccuracy. Finally, Plaintiff's allegation that SECU failed to conduct a reasonable investigation is conclusory. *See Bryan v. Cap. One Bank (USA)*, No. 5:25-CV-780-FL, 2026 WL 607250, at *5 (E.D.N.C. Mar. 3, 2026) (finding Plaintiff failed to state an FCRA claim where the complaint "does not identify what information was reported incorrectly, or how Capital One failed to conduct a reasonable investigation."); *Ramirez v. LVNV Funding*, No. 24-CV-2335-ABA, 2025 WL 1665388, at *8 (D.

4

Md. June 12, 2025) (finding "mere assertion that [the creditor] did not conduct a thorough investigation without any other factual basis is conclusory," and "the absence of details about the content of Plaintiff's dispute means Plaintiff has not plausibly alleged that [the creditor] failed to conduct a 'reasonable' investigation of the disputed information or that the inaccurate information was readily verifiable.") (citations omitted).

In summary, Plaintiff's complaint contains insufficient factual allegations "to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. The court previously identified these pleading deficiencies and gave Plaintiff an opportunity to particularize her complaint to include a short and plain statement of the facts supporting her claims by April 15, 2026 and warned her that failure to do so may result in dismissal of the complaint. [DE-6]. Plaintiff has not responded to the court's order, and the time to do so has expired. Accordingly, for the reasons stated above, it is recommended that the complaint be dismissed for failure to state a claim.

### III. Conclusion

For the reasons stated herein, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 18, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local

5

Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, the 4 day of May, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge

6